Dean T. Kirby, Jr.    Calif. Bar No. 090114
KIRBY & McGUINN, A P.C.
600 B Street, Suite 1950
San Diego, California 92101-4515
Telephone: (619) 685-4000  Facsimile: (619) 685-4004

Michelle L. Abrams    Nev. Bar No. 5565
MICHELLE L. ABRAMS, LTD.
3085 South Jones Blvd., Suite C
Las Vegas, NV 89146
Telephone: (702) 369-3724 Facsimile (702) 369-0651

Attorneys for Defendants
Eagle Investment Partners, L.P. and Vindruaga Corporation

# UNITED STATES DISTRICT COURT

## District of Nevada

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY<br>Debtor | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC<br>Debtor | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC<br>Debtor | Jointly Administered Under<br>**Case No. BK-S-06-10725 LBR**<br>**Adversary No. 07-01124 LBR** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC<br>Debtor | **DECLARATION OF HOWARD JUSTUS IN SUPPORT OF MOTION FOR WITHDRAWAL OF THE REFERENCE** |
| In re:<br>USA SECURITIES, LLC<br>Debtor | |
| COMPASS USA SPE LLC and<br>COMPASS FINANCIAL PARTNERS, LLC<br><br>Plaintiffs<br><br>v.<br><br>EAGLE INVESTMENT PARTNERS, L.P. and<br>VINDRAUGA CORPORATION<br><br>Defendants | |

I, Howard Justus, declare:

1. I am the Managing Member of Debt Acquisition Company of America V, LLC, a California limited liability company ("DACA"). DACA is the general partner of Eagle Investment Partners, L.P., a California limited partnership ("EIP"), one of the two above-named Defendants. I am also the President of Vindrauga Corporation, a California corporation ("Vindrauga"), the other above-named defendant. I have personal knowledge of the facts stated herein and could and would competently testify thereto if called as a witness.

2. DACA and its predecessor companies have been in the business of buying and selling distressed debt, including but not limited to bankruptcy claims, since 1994. Vindrauga is an affiliate corporation which has been engaged over the years in acquiring real and personal property as well as bank loans and restructuring or foreclosing on those loans. Vindrauga currently holds a Finance Lender's license issued by the California Department of Corporations under chapter 9 of the California Financial Code.

3. Beginning in November, 2006, DACA began to purchase the interests of Direct Lenders in a loan secured by real property known as "Fiesta Stoneridge," which loan was then under management by USA Commercial Mortgage Company, Debtor in Possession ("USACM"). Prior to the DACA purchases, the beneficial interest in the Fiesta Stoneridge loan was held by a total of 100 investors.

4. DACA has so far acquired the interests of 33 Direct Lenders in the Fiesta Stoneridgeloan, comprising a total of 24% of the beneficial interests in that loan, consisting of a total of $2,385,500 in principal amount. This mades DACA by far the largest single investor in the Fiesta Stoneridge loan. Attached as Exhibit I to this Declaration is a list of the beneficial interests assigned of record to DACA.

5. EIP was formed in March, 2007, in order to hold the investment in the Fiesta Stoneridge loan on behalf of DACA and other trust deed investors who became limited partners in Eagle. Attached as Exhibit J to this Declaration is a list of all limited partners of EIP other than DACA, and their addresses. None of the limited partners of EIP is to my knowledge a resident of the State of Delaware. Eagle now holds a total of 59% of the total beneficial interests in the Fiesta Stoneridge loan.

///

Compass USA SPE LLC, et al. v. Eagle Investment Partners, L.P., et al.  
Justus Declaration re Motion for Withdrawal of the Reference  
Case No. 07-01124-LBR  
Page No. 2

6. Attached as Exhibit K is a copy of the Promissory Note for the Fiesta Stoneridge loan, which I obtained from Rocklin Redding, LLC, an investor which assigned its interest to DACA (the "Note"). The Promissory Note reflects that the loan became all due and payable on March 22, 2005.

7. The limited partners of EIP, which including DACA comprise a majority of beneficial interests in the Fiesta Stoneridge loan, wish to remove Compass as the servicing agent because: (i) from the date of its acquisition of the loan servicing rights in February, 2007 until June 22, 2007, Compass failed to act to commence a foreclosure under the deed of trust, notwithstanding that the loan had become all due and payable over two years ago; and (ii) Compass is in breach of the Loan Servicing Agreement because it lacks the proper licenses to perform its duties under the Agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on August 15, 2007 at San Diego, California.

/s/ Howard Justus
HOWARD JUSTUS

6.  Attached as Exhibit A is a copy of the Promissory Note for the Fiesta Stoneridge loan, which I obtained from Rocklin Redding, LLC, an investor which assigned its interest to DACA (the "Note"). The Promissory Note reflects that the loan became all due and payable on March 22, 2005.

7.  The limited partners of EIP, which including DACA comprise a majority of beneficial interests in the Fiesta Stoneridge loan, wish to remove Compass as the servicing agent because: (i) from the date of its acquisition of the loan servicing rights in February, 2007 until June 22, 2007, Compass failed to act to commence a foreclosure under the deed of trust, notwithstanding that the loan had become all due and payable over two years ago; and (ii) Compass is in breach of the Loan Servicing Agreement because it lacks the proper licenses to perform its duties under the Agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on August 15, 2007 at San Diego, California.

/s/ Howard Justus
HOWARD JUSTUS

Eagle Investment Partners
Listing of DACA Members

| Title | ADDRESS | CITY STATE | STATE | Investment |
|---|---|---|---|---|
| X-FACTOR A NEVADA CORPORATION | 2124 Plaza Del Dios | LAS VEGAS, NV 89102 | NV | 405,000.00 |
| CHRISTINA M. KEHL, AN UNMARRIED WOMAN | 5130 DUNN ROAD | EAST DUBUQUE, IL 61025 | IL | 150,000.00 |
| ROCKLIN/REDDING LLC | 278 Sussex Place | Carson City, NV 89703 | NV | 110,000.00 |
| CYNTHIA D. BURDIGE A SINGLE WOMAN & DANIEL T. DRUBIN, A MARRIED MAN DEALING WITH HIS SOLE & SEPARATE PROPERTY, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP | 100 NW 82 AVE STE #305 | PLANTATION, FL 33324 | FL | 100,000.00 |
| KTAYLORGO INVESTMENTS, LTD. A TEXAS COMPANY | P. O. Box 911209 | St. George, UT 84791 | UT | 100,000.00 |
| MATTHEW MOLITCH TRUSTEE OF THE MOLITCH 1997 TRUST | 2251 N RAMPART #185 | LAS VEGAS, NV 89128 | NV | 100,000.00 |
| S & P DAVIS LIMITED PARTNERSHIP, A TEXAS PARTNERSHIP | 6816 Citrine Drive | Carlsbad, CA 92009 | CA | 100,000.00 |
| PORTER A. HURT, A SINGLE MAN | 4833 N HIDDEN TERRACE | LITCHFIELD PARK, AZ 85340 | AZ | 100,000.00 |
| NORMAN KIVEN, A MARRIED MAN DEALING WITH HIS SOLE & SEPARATE PROPERTY | 5 BARNARD CT | RANCHO MIRAGE, CA 92270 | CA | 100,000.00 |
| BETTY KOLSTRUP, A SINGLE WOMAN DEALING WITH HER SOLE AND SEPARATE PROPERTY | 1830 BALBOA DR | RENO, NV 89503 | NV | 100,000.00 |
| THOMAS AVENA & CINDY AVENA, HUSBAND AND WIFE, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP | 235 MOUNTAIN VIEW DR | BISHOP, CA 93514 | CA | 100,000.00 |
| GEORGE W. HUBBARD AND CAROL N. HUBBARD TRUSTEES OF THE HUBBARD TRUST DATED 7/29/1998 | 6340 N CALLE TREGUA SERENA | TUCSON, AZ 85750 | AZ | 90,000.00 |
| WILLIAM P. KENNY AND NANCY J. COSTELLO, HUSBAND AND WIFE, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP | P O BOX 4242 | TRUCKEE, CA 96160 | CA | 90,000.00 |
| REVEREND TIMOTHY HALL TRUSTEE OF THE NASH IRREVOCABLE TRUST | 75 PROSPECT STREET | NANTICOKE, PA 18634 | PA | 75,000.00 |
| DANIEL T DRUBIN & LAURA DRUBIN, HUSBAND & WIFE, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP | 1363 W Stony Run Pl | Oro Valley, AZ 85755 | AZ | 70,000.00 |
| ADAM B. BENNETT & PAUL J. BENNETT, JOINT TENANTS WITH RIGHT OF SURVIVORSHIP | 14225 S WISPERWOOD DR | RENO, NV 89511 | NV | 60,000.00 |
| FIRST SAVINGS BANK CUSTODIAN FOR LOUISE TEETER IRA ROLLOVER | 4201 Via Marina 300 | Marina Del Rey, CA 90292 | CA | 55,000.00 |
| ROBERT R WADE OR SHIRLEY E WADE JTWROS | P.O. Box 911209 | St. George, UT 84791 | UT | 50,000.00 |
| SUJI ROISENTUL & ILENE ROISENTUL TRUSTEES OF THE ROISENTUL FAMILY TRUST | 74075 KOKOPELLI CIRCLE | PALM DESERT, CA 92260 | CA | 50,000.00 |
| TERESA ANNE BELL TRUSTEE OF THE TERESA ANNE BELL LIVING TRUST | 1944 GREY EAGLE ST | HENDERSON, NV 89074 | NV | 50,000.00 |
| RONALD G. GARDNER TRUSTEE OF THE RONALD G. GARDNER TRUST | 430 Barvarian Dr | Carson City, NV 89705 | NV | 50,000.00 |
| BARBARA REISS MILLER TRUSTEE OF THE BARBARA REISS MILLER REVOCABLE LIVING TRUST DATED 2/4/03 | 2652 CROWN RIDGE DRIVE | LAS VEGAS, NV 89134 | NV | 50,000.00 |
| GARETH A.R. CRANER TRUSTEE OF THE GARETH A.R. CRANER TRUST DATED 6/1/02 | P O Box 1284 | Minden, NV 89423 | NV | 50,000.00 |
| GREGORY D. YONAI TRUSTEE OF THE GREGORY D. YONAI FAMILY TRUST | 1982 Country Cove Ct | Las Vegas, NV 89135 | NV | 25,000.00 |
| RONALD W. EZRA TRUSTEE OF THE RONALD W. EZRA LIVING TRUST | 1944 GREY EAGLE STREET | HENDERSON, NV 89014 | NV | 25,000.00 |
| ZOE BROWN TRUSTEE OF THE ZOE BROWN 1989 FAMILY TRUST | 2877 PARADISE RD # 803 | LAS VEGAS, NV 89109 | NV | 25,000.00 |
| MEL S. GOUVEIA, A MARRIED MAN DEALING WITH HIS SOLE & SEPARATE PROPERTY | 1543 ALISAL AVE | SAN JOSE, CA 95125 | CA | 25,000.00 |
| ARTHUR E. KEBBLE & THELMA M. KEBBLE TRUSTEES OF THE ARTHUR E. KEBBLE & THELMA M. KEBBLE FAMILY TRUST DATED 5/19/95 | 9512 SALEM HILLS COURT | LAS VEGAS, NV 89134 | NV | 25,000.00 |
| T. DWIGHT SPER & BONNIE J. SPER TRUSTEES OF THE T.D.S REVOCABLE FAMILY TRUST DATED 9/29/98 | 1005 CYPRESS RIDGE LANE | LAS VEGAS, NV 89144 | NV | 25,000.00 |
| FIRST SAVINGS BANK CUSTODIAN FOR MANUEL G. RICE IRA | 2061 Sea Cove Lane | Costa Mesa, CA 92627 | CA | 18,000.00 |
| Beverly J. Stiles, Trustee of the Beverly Stiles Recovable Trust dated 8/10/05 | PO Box 1507 | Albany, OR 97321 | OR | 6,250.00 |
| HOWARD CONNELL & LORENE CONNELL, HUSBAND & WIFE, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP | 1001 Jennis Silver Street | Las Vegas, NV 89145 | NV | 6,250.00 |
| | | | | $ 2,385,500.00 |

Exhibit I Page 1 of 1

Eagle Invesment Partners
Listing of Members Other Than DACA

| Title | ADDRESS | CITY STATE | State | Investment |
|---|---|---|---|---|
| ROBERT J. KEHL & RUTH ANN KEHL, HUSBAND & WIFE, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP | 4963 MESA CAPELLA DRIVE | LAS VEGAS, NV 89148 | NV | 500,000.00 |
| BOB G THROWER & DEBRA A THROWER, HUSBAND AND WIFE, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP | 1896 Rankin Drive | Carson City, NV 89701 | NV | 150,000.00 |
| DIANA F. WEILAND TTEE, WEILAND TRUST | 977 W Hano Circle | Ivins, UT 84738 | UT | 50,000.00 |
| RAYMOND E HARSHMAN & MARGARET E HARSHMAN TRUSTEES OF THE RAYMOND E. & MARGARET ELISE HARSHMAN FAMILY TRUST DATED 3/4/87 | PO BOX 716 | OCEANSIDE, CA 92049 | CA | 40,000.00 |
| IAN B. FINLAYSON TRUSTEE OF FINLAYSON 1991 FAMILY TRUST | 7330 Edna Ave | Las Vegas, NV 89117- | NV | 500,000.00 |
| KARYN Y. FINLAYSON TRUSTEE OF THE 2003 KARYN Y. FINLAYSON TRUST DATED 12/29/03 | 9768 Derbyhill Circle | Las Vegas, NV 89117- | NV | 100,000.00 |
| ANDREW J. LEMBERSKY, AN UNMARRIED MAN | 3928 PLACITA DEL LAZO | LAS VEGAS, NV 89120 | NV | 145,000.00 |
| BERNARD GREENBLATT TRUSTEE OF THE BERNARD GREENBLATT LIVING TRUST UA DATED 7/15/96 | 880 BUFFWOOD AVE | LAS VEGAS, NV 89123 | NV | 300,000.00 |
| DAVID P. BETTERIDGE, A SINGLE MAN | 977 W HANO CIRCLE | IVINS, UT 84738 | UT | 35,000.00 |
| JAMES FEENEY TRUSTEE OF THE E & M HARDWARE PROFIT SHARING PLAN, JAMES FEENEY | 3800 HOWARD HUGHES PKWY | LAS VEGAS, NV 89109 | NV | 100,000.00 |
| ROBERT D. EARP, A MARRIED MAN DEALING WITH HIS SOLE & SEPARATE PROPERTY | 609 N LAUREL ST | EL PASO, TX 79903 | TX | 50,000.00 |
| ROBERT S SPECKERT TRUSTEE OF THE ROBERT S SPECKERT REV. LIVING TRUST DATED 6/11/92 | 2128 RED SKY STREET | LAS VEGAS, NV 89134 | NV | 50,000.00 |
| STANLEY BELNAP & GLORIA BELNAP, HUSBAND & WIFE, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP | 9900 FOX SPRINGS DRIVE | LAS VEGAS, NV 89117 | NV | 200,000.00 |
| WILLIAM A. DOWNEY, MARRIED MAN DEALING WITH HIS SOLE & SEPARATE PROPERTY | 3637 Larch Ave Suite 3 | South Tahoe, CA 96150 | CA | 280,000.00 |
| GEORGE J. GAGE & MIRIAM B. GAGE CO-TRUSTEES OF THE GEORGE GAGE TRUST DATED 10/8/99 | 10813 BRINKWOOD AVENUE | LAS VEGAS, NV 89134 | NV | 100,000.00 |
| SUSAN P. HALL TRUSTEE OF THE GEORGE W. HALL & SUSAN P. HALL REVOCABLE LIVING TRUST DATED 10/26/01 | 224 STONE QUARRY ROAD | WESTFIELD, PA 16950 | PA | 32,000.00 |
| MARJORIE HOWARTH, AN UNMARRIED WOMAN | 30116 CORTE SAN LUIS | TEMECULA, CA 92591 | CA | 25,000.00 |
| LEONA LUBLINER TRUSTEE OF THE LEONA LUBLINER LIVING TRUST U/A DATED 7/16/96 | 880 BUFFWOOD AVENUE | LAS VEGAS, NV 89123 | NV | 40,000.00 |
| PHILIP LYONS & DORA LYONS TRUSTEES OF THE PHILIP & DORA LYONS TRUST U/A DATED 8/9/99 | 2008 MARBLE GORGE DRIVE | LAS VEGAS, NV 89117 | NV | 30,000.00 |
| LEONARD MARTINEZ & TARA MARTINEZ, HUSBAND & WIFE, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP | 6297 Elvido Ave | Las Vegas, NV 89122- | NV | 30,000.00 |
| DALE MCMULLAN TRUSTEE OF THE MCMULLAN LIVING TRUST DATED 8/19/94 | 2605 YOUNGDALE DRIVE | LAS VEGAS, NV 89134 | NV | 50,000.00 |
| HARVEY J. MCSHAFFREY & CHRISTINA F. MCSHAFFREY TRUSTEES OF THE MCSHAFFREY LIVING TRUST DATED 3/27/81 | PO BOX 560 | BIG BEAR, CA 92315 | CA | 50,000.00 |
| GEORGE H. MICHAEL & DORAMAE MICHAEL TRUSTEES OF THE GEORGE H. MICHAEL FAMILY TRUST AGREEMENT DATED 12/7/881 | 999 E ELIASON AVE | BRIGHAM CITY, UT 84302 | UT | 150,000.00 |
| DOUGLAS MINTER & ELIZABETH F. MINTER TRUSTEES OF THE MINTER FAMILY 1994 TRUST | 5389 CONTE DRIVE | CARSON CITY, NV | NV | 150,000.00 |
| LARRY L. RIEGER & PATSY R. RIEGER TRUSTEES OF THE LARRY L. RIEGER & PATSY R. RIEGER REVOCABLE TRUST DATED 8/1/91 | 2615 Glen Eagles Drive | Reno, NV 89523 | NV | 100,000.00 |
| WILLIAM J. ROZAK, JR, AN UNMARRIED MAN | 3928 Placita Del Lazo Street | Las Vegas, NV 89120 | NV | 65,000.00 |
| FREDERICK WILLIAM SCHOLEM II TRUSTEE OF THE WILLIAMS TRUST | 9917 Whalers Landing Court | Las Vegas, NV 89117 | NV | 25,000.00 |
| JULIAN CAMPBELL & PATSY RIEGER, JOINT TENANTS WITH RIGHT OF SURVIVORSHIP | 2024 DOUGLAS ROAD | STOCKTON, CA 95207 | CA | 35,000.00 |
| LARRY FERNANDEZ TRUSTEE OF THE FERNANDEZ FAMILY TURST DATED 6/20/84 | 3312 PLAZA DEL PAZ | LAS VEGAS, NV 89102 | NV | 100,000.00 |
| | | | $ | 3,482,000.00 |

**Exhibit J Page 1 of 1**



# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

$10,000,000

Las Vegas, Nevada
September 22, 2003

This Promissory Note ("Note"), dated as of September 22, 2003 is made and delivered by Capital Land Investors, LLC, a California limited liability company ("Borrower"), in favor of the persons listed on Exhibit "A" hereto ("Lender").

FOR VALUE RECEIVED, Borrower promises to pay to Lender, or order, the principal sum of Ten Million Dollars ($10,000,000) (the "Note Amount"), together with interest as provided herein.

1. **Interest Rate.** Interest shall accrue on the outstanding portion of the Note Amount, from the date Lender initially disburses such funds until the date the Note Amount is paid in full, at the rate of thirteen percent (13%) per annum. Interest shall be calculated on the basis of a 360-day year and actual days elapsed. Accrued but unpaid interest shall be compounded monthly.

2. **Payments.** Monthly interest on the Note Amount shall be due and payable on the first day of each month, in arrears. For example, interest that accrues in the month of May will be due and payable on June 1, and will be calculated on the amount due under the Note on that day. All payments shall be made in lawful money of the United States of America and in immediately available funds at Lender's office, the address for which is specified below, or at such other place as the Lender hereof may from time to time direct by written notice to Borrower.

3. **Maturity Date.** If not sooner paid, the outstanding principal balance under this Note, all accrued and unpaid interest, and all other indebtedness of Borrower owing under any and all of the Loan Documents shall be due and payable in full on or before the date which is eighteen (18) months after the entire Loan Amount and documents needed to close the Loan are deposited with the Title Company (the "Maturity Date").

4. **Application of Payments.** All payments on this Note shall, at the option of the Lender hereof, be applied first to the payment of accrued interest then payable.

5. **Prepayment.** Borrower agrees that all loan fees and any prepaid finance charges are fully earned as of the date hereof and will not be subject to refund upon early payment (whether voluntary or as a result of default). Subject to the foregoing, at any time prior to the Maturity Date, Borrower may prepay this Note in full or in part at any time.

6. **Collateral.** This Note is secured by a deed of trust encumbering real property located in Riverside County, California.

1

Ex "C"

FROM : SNOPKO                           FAX NO. : 7758834539                 Jan. 24 2007 10:12AM  P4

7. **Defaults; Acceleration.** The occurrence of any Event of Default (as hereinafter defined) shall be a default hereunder. Upon the occurrence of an Event of Default, Lender may declare the entire principal balance of the Note then outstanding (if not then due and payable) and all other obligations of Borrower hereunder to be due and payable immediately. Subject to the applicable provisions of law, upon any such declaration, the principal of the Note and accrued and unpaid interest, and all other amounts to be paid under this Note shall become and be immediately due and payable, anything in this Note to the contrary notwithstanding.

The occurrence of any one or more of the following, whatever the reason therefor, shall constitute an "Event of Default" hereunder:

(a) Borrower shall fail to pay when due any amount due pursuant to the Note; or

(b) Borrower or any guarantor ("Guarantor") of the Note shall fail to perform or observe any term, covenant or agreement contained in the Note or any guaranty executed and delivered concurrently herewith on its part to be performed or observed, other than the failure to make a payment covered by subsection (a), and such failure shall continue uncured as of ten (10) calendar days after written notice of such failure is given by Lender to Borrower; provided, however, that if the default cannot be cured in 10 days but Borrower is diligently pursuing the cure, then Borrower shall have thirty (30) days after written notice to effect the cure (the cure period set forth in this subsection (b) shall not apply to any other Event of Default); or

(c) any representation or warranty contained in any document made or delivered pursuant to or in connection with any of the Loan Documents proves incorrect or to have been incorrect in any material respect when made; or

(d) Borrower (which term shall include any entity comprising Borrower) is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower or any Guarantor are sold or otherwise transferred without Lender's written consent; or

(e) Borrower or any Guarantor is the subject of an order for relief by the bankruptcy court, or is unable or admits in writing its inability to pay its debts as they mature, or makes an assignment for the benefit of creditors; or Borrower or any Guarantor applies for or consents to the appointment of any receiver, trustee, custodian, conservator, liquidator, rehabilitator or similar officer (the "Receiver"); or any Receiver is appointed without the application or consent of Borrower or any Guarantor, as the case may be, and the appointment continues undischarged or unstayed for sixty (60) calendar days; or Borrower or any Guarantor institutes or consents to any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, custodianship, conservatorship, liquidation, rehabilitation or similar proceedings relating to it or to all or any part of its property under the laws of any jurisdiction; or any similar proceeding is instituted without the consent of Borrower or any Guarantor, as the case may be, and continues undismissed or unstayed for sixty (60) calendar days; or any judgment, writ, attachment, execution or similar process is issued or levied against all or any part of the Property or Borrower or any Guarantor, and is not released, vacated or fully bonded within thirty (30) calendar days after such issue or levy; or

2

(f) there shall occur a material adverse change in the financial condition of Borrower or any Guarantor from their respective financial conditions as of the date of this Note, as determined by Lender in its reasonable discretion; or

(g) any Loan Document, at any time after its execution and delivery and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases to be in full force and effect or is declared to be null and void by a court of competent jurisdiction; or Borrower or any trustee, officer, director, shareholder or partner of any entity comprising Borrower or any Guarantor claims that any Loan Document is ineffective or unenforceable, in whole or in part, or denies any or further liability or obligation under any Loan Document, unless all indebtedness and obligations of Borrower thereunder have been fully paid and performed; or

(h) all or a substantial portion of the Property is condemned, seized or appropriated by any Governmental Agency; or

(i) Borrower is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower or the Guarantors are sold or otherwise transferred without Lender's written consent; or

(j) any lien or security interest created by any Security Document, at any time after the execution and delivery of that Security Document and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases or fails to constitute a valid, perfected and subsisting lien of the priority required by this Agreement or security interest in and to the Property purported to be covered thereby, subject only to the Permitted Exceptions; or

(k) any default occurs in any loan document or other agreement by and between Borrower and Lender or by Borrower in favor of Lender with reference to the Loan or otherwise, or any default occurs in any loan document regarding any loan or other obligation secured by the Property or any portion thereof.

8. <u>Late Charge</u>. Borrower acknowledges that if any interest payment is not made when due or if the entire amount due under this Note is not paid by the Maturity Date, or, if accelerated as permitted by this Note or any other Loan Document, by the date given in the notice of acceleration, the Lender hereof will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment. Because the actual damages suffered by the Lender hereof by reason of such extra administrative expenses and loss of use of funds would be impracticable or extremely difficult to ascertain, Borrower agrees that five percent (5%) of the amount so delinquent shall be the amount of damages to which such Lender is entitled, upon such breach, in compensation therefor. Therefore, Borrower shall, in the event any payment required under this Note is not paid within five (5) days after the date when such payment becomes due and payable pursuant to Sections 2 and 3, above, and without regard to any default notice under Section 7(a), and without further notice, pay to the Lender hereof as such Lender's sole monetary recovery to cover such extra

3





administrative expenses and loss of use of funds, liquidated damages in the amount of five percent (5%) of the amount of such delinquent payment. The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of the obligation of Borrower to make timely payments hereunder, including timely payment of any accelerated amount. Nothing in this Note shall be construed as an express or implied agreement by the Lender hereof to forbear in the collection of any delinquent payment or in exercising any of its rights and remedies under the Loan Documents, or be construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise. The right of the Lender hereof to receive payment of such liquidated and actual damages, and receipt thereof, are without prejudice to the right of such Lender to collect such delinquent payments and any other amounts provided to be paid hereunder or under any security for this Note or to declare a default hereunder or under any security for this Note.

9.  **Default Rate.** From and after the Maturity Date or, if any Event of Default occurs and is not timely cured, from the date the payment was due regardless of any cure period provided in the notice of default, through and including the date such default is cured, at the option of the Lender hereof, all amounts owing under the Note and all sums owing under all of the Loan Documents shall bear interest at a default rate equal to twenty percent (20%) per annum ("Default Rate"). Such interest shall be paid on the first day of each month thereafter, or on demand if sooner demanded.

10. **Waivers.** Borrower waives any right of offset it now has or may hereafter have against the Lender hereof and its successors and assigns. Borrower waives presentment, demand, protest, notice of protest, notice of nonpayment or dishonor and all other notices in connection with the delivery, acceptance, performance, default or enforcement of this Note. Borrower expressly agrees that any extension or delay in the time for payment or enforcement of this Note, to renewal of this Note and to any substitution or release of the Property, all without any way affecting the liability of Borrower hereunder. Any delay on Lender's part in exercising any right hereunder or under any of the Loan Documents shall not operate as a waiver. Lender's acceptance of partial or delinquent payments or the failure of Lender to exercise any rights shall not waive any obligation of Borrower or any right of Lender, or modify this Note, or waive any other similar default.

11. **Costs of Collection.** Borrower agrees to pay all costs of collection when incurred and all costs incurred by the Lender hereof in exercising or preserving any rights or remedies in connection with the enforcement and administration of this Note or following a default by Borrower, including but not limited to actual attorneys' fees. If any suit or action is instituted to enforce this Note, Borrower promises to pay, in addition to the costs and disbursements otherwise allowed by law, such sum as the court may adjudge reasonable attorneys' fees in such suit or action.

12. **Usury.** Borrower hereby represents that this loan is for commercial use and not for personal, family or household purposes. It is the specific intent of the Borrower and Lender that this Note bear a lawful rate of interest, and if any court of competent jurisdiction should determine that the rate herein provided for exceeds that which is statutorily permitted for the type of transaction evidenced hereby, the interest rate shall be reduced to the highest rate permitted by applicable law, with any excess interest theretofore collected being applied against principal or, if such principal has

4



been fully repaid, returned to Borrower upon written demand.

13. _Notices._ All notices to be given pursuant to this Note shall be sufficient if given by personal services, by guaranteed overnight delivery services, by telex, telecopy or telegram or by being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as set forth below, or to such other address as a party may request in writing. Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the date after delivery to the guaranteed overnight delivery service, the date of sending the telex, telecopy or telegram or two (2) days after mailing certified or registered mail.

**BORROWER'S ADDRESS:**   Capital Land Investors, LLC
                          c/o Robert Lucas, CPA
                          100 East Corson Street, Suite 200
                          Pasadena, California 91103-3841

**LENDER'S ADDRESS:**     c/o USA Commercial Mortgage Company
                          4484 South Pecos Road
                          Las Vegas, Nevada 89121
                          Attn. Joseph D. Milanowski

14. _Assignment By Lender._ Lender may assign its rights hereunder or obtain participants in this Note at any time, and any such assignee, successor or participant shall have all rights of the Lender hereunder.

15. _Multiple Parties._ A default on the part of any one entity comprising Borrower or any Guarantor of this Note shall be deemed a default on the part of Borrower hereunder.

16. _Construction._ This Note and all security documents and guaranties executed in connection with this Note have been reviewed and negotiated by Borrower, Lender and Guarantors at arms' length with the benefit of or opportunity to seek the assistance of legal counsel and shall not be construed against either party. The titles and captions in this Note are inserted for convenience only and in no way define, limit, extend, or modify the scope of intent of this Note.

17. _Partial Invalidity._ If any section or provision of this Note is declared invalid or unenforceable by any court of competent jurisdiction, said determination shall not affect the validity or enforceability of the remaining terms hereof. No such determination in one jurisdiction shall affect any provision of this Note to the extent it is otherwise enforceable under the laws of any other applicable jurisdiction.

18. _Governing Law; Jurisdiction; Waiver of Jury Trial._

(a) This Note shall be construed according to and governed by the laws of the State of Nevada, without regard to its choice of law provisions.

(b) BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY

Ex "C"



FROM : SNOPKO                    FAX NO. : 7758834539                Jan. 24 2007 10:15AM  P8



KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (i) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEVADA OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELATING TO THIS NOTE, OR ANY OTHER OF THE LOAN DOCUMENTS, (ii) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN CLARK COUNTY, NEVADA, (iii) SUBMITS TO THE JURISDICTION OF SUCH COURTS, AND, (iv) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING IN ANY FORUM OTHER THAN CLARK COUNTY, NEVADA (BUT NOTHING HEREIN SHALL AFFECT THE RIGHT OF LENDER TO BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM). BORROWER FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO THE BORROWER AT THE ADDRESS FOR NOTICES DESCRIBED IN SECTION 13 HEREOF, AND CONSENTS AND AGREES THAT SUCH SERVICE SHALL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN SHALL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

(c)     BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THE INDEBTEDNESS SECURED HEREBY OR ANY CONDUCT, ACT OR OMISSION OF LENDER, TRUSTEE OR BORROWER, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS OR ATTORNEYS, OR ANY OTHER PERSONS AFFILIATED WITH LENDER, TRUSTEE OR BORROWER, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

BORROWER:       Capital Land Investors, LLC
                By: Jabral Investments, LLC, Manager

                By: *Lawrence E. Redman* (signature)
                Lawrence E. Redman, Manager

-6-



## EXHIBIT "A"

## LENDERS

| Names | Amount |
|---|---|
| X-Factor, Inc. | $405,000.00 |
| Tom Avena & Cindy Avena, JTWROS | $100,000.00 |
| Laila Aziz | $15,000.00 |
| Teresa Anne Bell TTEE of the Teresa Anne Bell Living Trust | $50,000.00 |
| Stanley Belnap & Gloria Belnap, JTWROS | $200,000.00 |
| David P. Betteridge | $35,000.00 |
| Brooks Bishofberger | $25,000.00 |
| Thomas Bishofberger & Betty Bishofberger TTEEs of the Bishofberger Char. Rem. Trust UAD 11/3/94 | $50,000.00 |
| Florence Bolatin TTEE of the Florence Bolatin Living Trust dtd 10/28/93 | $20,000.00 |
| Zoe Brown TTEE of the Zoe Brown 1989 Family Trust | $25,000.00 |
| Robert Browning | $25,000.00 |
| Cynthia Burdige & Daniel Drubin, JTWROS | $200,000.00 |
| Jillian Campbell & Patsy Rieger, JTWROS | $35,000.00 |
| James B. Cardwell TTEE of the Cardwell Charitable Trust | $50,000.00 |
| Robert Carollo & Beverly Carollo | $50,000.00 |
| John Clifton & Helen Clifton TTEEs of the Clifton Family Trust | $28,000.00 |
| James A. Coy & Margaret C. Coy TTEEs of the James A. Coy & Margaret C. Coy Revocable Trust dtd 9/27/00 | $27,000.00 |
| Pat Davis & Susan Davis, JTWROS | $100,000.00 |
| DeHart/Hooks, L.P. | $100,000.00 |
| William A. Downey | $280,000.00 |
| Daniel Drubin & Laura Drubin, JTWROS | $170,000.00 |
| John Dutkin TTEE of the John Dutkin Revocable Living Trust dtd 1/17/00 | $50,000.00 |
| Robert D. Earp | $50,000.00 |
| Ronald W. Ezra TTEE of the Ronald W. Ezra Living Trust | $25,000.00 |
| William H. Favro & Carol M. Favro TTEEs of the Favro Trust dtd 9/14/00 | $50,000.00 |
| E & M Hardware Profit Sharing Plan, James Feeney | $100,000.00 |
| Larry Fernandez TTEE of the Fernandez Family Trust dtd 6/20/84 | $100,000.00 |
| Gilda Ferrara | $37,000.00 |
| Karyn Y. Finlayson | $100,000.00 |
| Iain B. Finlayson TTEE of the Finlayson 1991 Family Trust | $500,000.00 |
| George J. Gage & Miriam B. Gage Co-TTEEs of the George Gage Trust | $100,000.00 |
| Nogah Gaynor, Laurie Merlis & Steven Elster, JTWROS | $30,000.00 |
| Stanley C. Germain & Dorothy Germain, JTWROS | $50,000.00 |
| Noel S. Gouveia | $25,000.00 |
| Bernard Greenblatt TTEE of the Bernard Greenblatt Living Trust UA dtd 7/15/96 | $300,000.00 |

7

| | |
|---|---|
| Susan P Hall | $32,000.00 |
| Reverend Timothy Hall TTEE of the Nash Irrevocable Trust | $75,000.00 |
| Raymond E. Harshman & Margaret E. Harshman TTEEs of the Raymond E. & Margaret Elise Harshman Family Trust dtd 3/4/87 | $40,000.00 |
| Michael Hedlund & Carol Hedlund | $50,000.00 |
| Mel Herman | $100,000.00 |
| Marjorie Howarth | $25,000.00 |
| Jamie Huish & Margo Huish, JTWROS | $50,000.00 |
| Margarita Jung | $25,000.00 |
| Arthur E. Kebble & Thelma M. Kebble TTEEs of the Arthur E. Kebble & Thelma M. Kebble Family Trust dtd 5/19/95 | $25,000.00 |
| Christina M. Kehl | $150,000.00 |
| Robert J. Kehl & Ruth Ann Kehl, JTWROS | $500,000.00 |
| Norman Kiven | $100,000.00 |
| Colita Kwiatkowski & Paul Kwiatkowski | $70,000.00 |
| Gary Leach & Stacie Leach, JTWROS | $10,000.00 |
| Andrew J. Lembersky | $145,000.00 |
| Leona Lubliner TTEE of the Leona Lubliner Living Trust U/A dtd 7/16/96 | $40,000.00 |
| Philip Lyons & Dora Lyons TTEEs of the Philip & Dora Lyons Trust UA 8/9/99 | $30,000.00 |
| GGRM Pension Profit Sharing Plan FBO Gabriel Martinez | $133,000.00 |
| Leonard Martinez & Tara Martinez | $30,000.00 |
| Marcella Martinez & Ross Martinez TTEEs of the Martinez Family Trust | $50,000.00 |
| Gordon Marx | $115,000.00 |
| Dale J. McMullan TTEE of the McMullan Living Trust dtd 8/19/94 | $50,000.00 |
| Harvey J. McShaffrey & Christina F. McShaffrey TTEEs of the McShaffrey Living Trust dtd 3/27/81 | $50,000.00 |
| George H. Michael & Doramae Michael TTEEs of the George H. Michael Family Trust Agreement dtd 12/4/81 | $150,000.00 |
| Barbara Reiss Miller TTEE of the Barbara Reiss Miller Revocable Living Trust | $50,000.00 |
| Douglas Minter & Elizabeth F. Minter TTEEs of the Minter Family 1994 Trust | $150,000.00 |
| Matthew Molitch TTEE of the Molitch 1997 Trust | $100,000.00 |
| Herbert Mueller and Linda Mueller, TTEEs of the Herbert & Linda Mueller Trust | $25,000.00 |
| John Nix & Lisa Nix, JTWROS | $75,000.00 |
| Roger Noorthoek | $25,000.00 |
| Robert Oxendorf & Gary C. Mehlberg TTEEs of the Robert Oxendorf Trust | $12,500.00 |
| Richard Pocok & Cathy Pocok, JTWROS | $60,000.00 |
| Jack Polen & Gladys Polen TTEEs of the Jack & Gladys Polen Family Trust | $25,000.00 |
| Rains Properties, LP | $200,000.00 |
| First Savings Bank C/F Manuel Rice IRA | $18,000.00 |
| Larry L. Rieger & Patsy R. Rieger TTEEs of the Larry L. Rieger & Patsy R. Rieger Revocable Trust dtd 8/14/91 | $100,000.00 |
| Saul Roisentul & Ilene Roisentul TTEEs of the Roisentul Family Trust | $50,000.00 |
| William J. Rozak, Jr. | $65,000.00 |

8

Ex "C"

FROM : SNOPKO                    FAX NO. : 7758834539            Jan. 24 2007 10:17AM P11

| | |
|---|---:|
| William E. Schnadt & Janet E. Schnadt TTEEs of the Schnadt Trust dtd 6/18/93 | $15,000.00 |
| Frederick William Scholem II TTEE of the Williams Trust | $25,000.00 |
| Fraser Smith TTEE of Windscape R.E. | $15,000.00 |
| Rocklin/Redding LLC | $800,000.00 |
| Carallas Holdings, Inc. C/F Orlando Corporation | $2,000,000.00 |
| Robert Speckert TTEE of the Robert S. Speckert Rev. Living Trust dtd 6/11/92 | $50,000.00 |
| T. Dwight Sper & Bonnie J. Sper TTEEs of the T.D.S. Revocable Family Trust | $25,000.00 |
| Brett W. Sparry | $200,000.00 |
| Beverly J. Stiles, an unmarried woman | $12,500.00 |
| Lesley Stricker | $25,000.00 |
| KTaylorGO Investments, LTD | $100,000.00 |
| Solomon Y. Turok & Noemi Turok | $50,000.00 |
| John D. Vanderslice & Nancy C. Vanderslice TTEEs of the Vanderslice Trust | $50,000.00 |
| Robert R. Wade & Shirley E. Wade, JTWROS | $50,000.00 |
| Diana F. Weiland TTEE FBO Gerald R. Weiland & Diana F. Weiland Trust | $50,000.00 |
| Gregory D. Yonai TTEE of the Gregory D. Yonai Family Trust | $25,000.00 |
| TOTAL | $10,000,000.00 |

9

Ex C