**Entered on Docket**
**August 01, 2007**

_____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

| | |
|---|---|
| Robert J. Moore | Peter C. Bernhard (Nevada Bar No. 0734) |
| Tyson M. Lomazow | Georganne W. Bradley (Nevada Bar No. 1105) |
| MILBANK, TWEED, HADLEY & McCLOY, LLP | BULLIVANT HOUSER BAILEY PC |
| 1 Chase Manhattan Plaza | 3980 Howard Hughes Pkwy., Ste. 550 |
| New York, NY 10005 | Las Vegas, NV 89169 |
| Telephone No.: (212) 530-5367 | Telephone No.: (702) 650-6565 |
| Facsimile No.: (212) 822-5367 | Facsimile No.: (702) 650-2995 |
| | E-Mail: peter.bernhard@bullivant.com |

**Counsel for Compass Financial Partners LLC**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                    Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                    Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>                                                    Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC,<br>                                                    Debtor. | **SUPPLEMENTAL ORDER RE:**<br>**EMERGENCY MOTION OF COMPASS**<br>**FINANCIAL PARTNERS LLC FOR**<br>**ORDER PURSUANT TO 11 U.S.C. §§** |
| In re:<br>USA SECURITIES, LLC,<br>                                                    Debtor. | **105 AND 1141 ENFORCING**<br>**CONFIRMATION ORDER AND FOR**<br>**CIVIL CONTEMPT SANCTIONS** |
| Affects:<br>☐   All Debtors<br>☒   USA Commercial Mortgage Company<br>☐   USA Securities, LLC<br>☐   USA Capital Realty Advisors, LLC<br>☐   USA Capital Diversified Trust Deed Fund,<br>      LLC<br>☐   USA First Trust Deed Fund, LLC | Date:  June 20, 2007<br>Time:  10:30 p.m. |

On June 20, 2007, this Court (the "Court") conducted a continued hearing to determine

whether it had subject matter jurisdiction to consider the Motion of Compass Financial Partners

LLC and Compass USA SPE LLC (together, "Compass") for Order Pursuant to 11 U.S.C. §§

– 1 –

**Exhibit C Page 1 of 8**

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

105 and 1141 Enforcing Confirmation Order and for Civil Contempt Sanctions (the "Motion"), which was filed by Compass on May 25, 2007, and the Complaint for Declaratory Relief and Damages filed on May 21, 2007 in the United States District Court for the District of Nevada entitled *3685 San Fernando Lenders, LLC, et al. vs. Compass USA SPE, LLC, et al.,* Case No. 07-CV-0224-ECR-VAC (the "Complaint"), which was removed by Compass to, and is currently pending before, this Court in Adv. Proc. No. 07-01076 (the "Adversary Proceeding"). Appearances of counsel were noted on the record at the hearing. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

The Court having heard oral argument of counsel and other interested persons, having read and considered all pleadings and papers filed in support of and in opposition to the Motion, and having read and considered all statements made, and all pleadings and papers on file herein, that are, in the opinion of this Court, relevant to the issues currently before the Court, and having entered a Recommendation For Withdrawal of the Reference as it applies to the Motion and the Adversary Proceeding, and it appearing that interim relief is required so that borrowers will not use the dispute between Compass and the plaintiffs in the above-referenced Complaint and their respective assignors (collectively, the "Plaintiff Lenders") as an excuse not to remit payments and so that funds collected can be distributed to all Direct Lenders, especially those not involved in this dispute, but it further appearing that the rights of the Plaintiff Lenders must be preserved such that if a Plaintiff Lender or Plaintiff Lenders validly have terminated Compass, such Plaintiff Lender or Plaintiff Lenders will be in a position to take further action in accordance with their contractual rights and otherwise applicable law; and for good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Court has subject matter jurisdiction over the Motion and the Adversary Proceeding, but finds that withdrawal of the reference is appropriate in this case, for the reasons stated in this Court's memorandum decision dated July 2, 2007, and as stated in this Court's Order Recommending Withdrawal of the Reference; and

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

– 2 –

**Exhibit C Page 2 of 8**

IT IS FURTHER ORDERED that jurisdiction shall remain with this Court to consider the Motion and the Adversary Proceeding unless and until the United Stated District Court for the District of Nevada (the "District Court") orders that the reference be withdrawn in whole or in part and all matters regarding whether the reference shall be withdrawn shall proceed in the District Court; provided, however, that notwithstanding the above, the Court shall retain jurisdiction as set forth below until further order of the Court or the District Court; and

IT IS FURTHER ORDERED that, pending further order of the Court, the status quo as of May 15, 2007 is and shall be preserved such that Compass shall be and remain the loan servicer with respect to all loans for which it acquired servicing rights pursuant to that certain Asset Purchase Agreement dated December 8, 2006, approved by Order of this Court entered January 8, 2007 (each a "Loan," and collectively, the "Loans"); and

IT IS FURTHER ORDERED that pending further order of the Court, no Direct Lender shall initiate contact with the borrower in any Loan which (i) undermines Compass' exclusive authority to act on behalf of the Direct Lenders as loan servicer, or (ii) purports that an entity other than Compass is authorized to negotiate with the borrower on behalf of the Direct Lenders in such Loan; and

IT IS FURTHER ORDERED that within three (3) business days of the date of entry of this Order, the Law Offices of Alan R. Smith shall cause the Plaintiff Lenders to mail correspondence (previously reviewed and approved by Compass) to the borrower on each Loan for which the Plaintiff Lenders attempted to terminate Compass as servicer on May 18, 2007, enclosing a copy of this Order, and providing that (i) the Plaintiff Lenders' May 18, 2007 correspondence to each such borrower was ineffectual, (ii) Compass remains the exclusive entity authorized to act on behalf of the Direct Lenders in such Loan, and (iii) all payments on the Loan should continue to be made directly to Compass, pending further order of the Court; and

IT IS FURTHER ORDERED that, pending further order of the Court, all amounts due and owing under or in connection with the Loans (the "Payments") shall continue to be paid directly to Compass and that all Direct Lenders shall be enjoined, prevented and restrained from

**Exhibit C Page 3 of 8**

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

1    any communication with borrowers that would otherwise direct the borrowers to make

2    payments to an individual or entity other than Compass; and

3        IT IS FURTHER ORDERED that, pending further order of the Court, Compass shall be

4    entitled to deduct and retain from Payments received the amount of its accrued and unpaid

5    servicing fees then due to Compass, provided, however, that any amounts relating to default

6    interest, late charges, or non-servicing fees shall be held in the Direct Lender remittance account

7    established and maintained by Compass, and provided, further, that notwithstanding the above,

8    in the event Compass receives Payments from a borrower in respect of a Loan (i) in which

9    Compass holds one hundred percent (100%) of the beneficial interests of record, or (ii) which

10    satisfy in full all current obligations due and owing under the governing loan documents

11    (including default interest, late charges, and non-servicing fees), then Compass shall be

12    permitted to deduct and retain from such Payments received any amounts relating to default

13    interest, late charges, and non-servicing fees; and

14        IT IS FURTHER ORDERED that in the event the Plaintiff Lenders hold one hundred

15    percent (100%) of the beneficial interests of record in a Loan, they shall have the right to direct

16    Compass not to take any further action to pursue recovery from borrowers of outstanding

17    amounts due with respect to such Loan; provided, however, that Compass shall remain loan

18    servicer of such Loan, pending further order of the Court; and

19        IT IS FURTHER ORDERED that pending further order of the Court, effective May 15,

20    2007, all Direct Lenders shall be enjoined, prevented and restrained from terminating Compass,

21    or effectuating any change or replacement of Compass as their loan servicer; and

22        IT IS FURTHER ORDERED that pending further order of the Court, Direct Lenders

23    shall be enjoined, prevented and restrained from sending out any notice to Compass, or to any

24    third-party borrowers on loans made by the Direct Lenders, purporting to terminate or replace

25    Compass as their loan servicer; and

26        IT IS FURTHER ORDERED that this Court shall hold a status conference with respect

27    to the Motion and the Adversary Proceeding on August 17, 2007 at 10:30 a.m.; and

28

**Exhibit C Page 4 of 8**

IT IS FURTHER ORDERED that prior to August 17, 2007, Compass shall not complete a foreclosure sale of any real property collateral for any Loan (the "Collateral") absent further order of the Court or the approval of the holders of fifty-one-percent (51%) or more of the beneficial interests of record in the particular Loan; provided that (i) Compass remains authorized to continue to initiate and pursue foreclosure sales with respect to Collateral up until the point of completing such sales, and (ii) subject to this Court's calendar, Compass shall be permitted to schedule a hearing with respect to a request for Court approval to complete a foreclosure sale upon at least seven (7) days notice to the Law Offices of Alan R. Smith.

IT IS FURTHER ORDERED that the Court shall deem and treat the Motion as an adversary proceeding to permit the parties to commence discovery on the issues raised in the Motion in compliance with a discovery plan approved by this Court, and that the rules set forth in Rule 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including all provisions of Bankruptcy Rule 7026, are applicable to the matters raised by the Motion; provided that, notwithstanding Rule 7026 of the Local Rules of Bankruptcy Procedure, the parties shall meet and confer within five (5) days and shall submit a discovery plan within seven (7) days of the date this Order is entered.

| Submitted by: | Approved/Disapproved by: |
|---|---|
| MILBANK, TWEED, HADLEY & McCLOY, LLP<br>-and-<br>BULLIVANT HOUSER BAILEY PC<br><br>By: _____<br>     Georganne W. Bradley, Esq.<br><br>*Attorneys for Compass Financial Partners* | LAW OFFICES OF ALAN R. SMITH<br><br>By: _____<br>     Alan R. Smith, Esq.<br><br>*Attorneys for Lenders Protection Group* |
|  | **Approved/Disapproved by:**<br><br>OFFICE OF THE U.S. TRUSTEE<br><br>By: _____<br>     August B. Landis, Esq. |

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

**Exhibit C Page 5 of 8**

Bullivant|Houser|Bailey PC

3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

1   IT IS FURTHER ORDERED that prior to August 17, 2007, Compass shall not complete

2   a foreclosure sale of any real property collateral for any Loan (the "Collateral") absent further

3   order of the Court or the approval of the holders of fifty-one-percent (51%) or more of the

4   beneficial interests of record in the particular Loan; provided that (i) Compass remains

5   authorized to continue to initiate and pursue foreclosure sales with respect to Collateral up until

6   the point of completing such sales, and (ii) subject to this Court's calendar, Compass shall be

7   permitted to schedule a hearing with respect to a request for Court approval to complete a

8   foreclosure sale upon at least seven (7) days notice to the Law Offices of Alan R. Smith.

9   IT IS FURTHER ORDERED that the Court shall deem and treat the Motion as an

10  adversary proceeding to permit the parties to commence discovery on the issues raised in the

11  Motion in compliance with a discovery plan approved by this Court, and that the rules set forth

12  in Rule 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

13  including all provisions of Bankruptcy Rule 7026, are applicable to the matters raised by the

14  Motion; provided that, notwithstanding Rule 7026 of the Local Rules of Bankruptcy Procedure,

15  the parties shall meet and confer within five (5) days and shall submit a discovery plan within

16  seven (7) days of the date this Order is entered.

17

| 18 | Submitted by: | Approved/Disapproved by: |
|----|---------------|---------------------------|
| 19 | MILBANK, TWEED, HADLEY & McCLOY, LLP | LAW OFFICES OF ALAN R. SMITH |
| 20 | -and-<br>BULLIVANT HOUSER BAILEY PC | By: |
| 21 | | Alan R. Smith, Esq. |
| 22 | By: _Georganne W. Bradley_ | _Attorneys for Lenders Protection Group_ |
| 23 | Georganne W. Bradley, Esq. | |
| 24 | _Attorneys for Compass Financial Partners_ | |
| 25 | | Approved/Disapproved by: |
| 26 | | OFFICE OF THE U.S. TRUSTEE |
| 27 | | By: |
| 28 | | August B. Landis, Esq. |

– 5 –

**Exhibit C Page 6 of 8**

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

1    IT IS FURTHER ORDERED that prior to August 17, 2007, Compass shall not complete

2    a foreclosure sale of any real property collateral for any Loan (the "Collateral") absent further

3    order of the Court or the approval of the holders of fifty-one-percent (51%) or more of the

4    beneficial interests of record in the particular Loan; provided that (i) Compass remains

5    authorized to continue to initiate and pursue foreclosure sales with respect to Collateral up until

6    the point of completing such sales, and (ii) subject to this Court's calendar, Compass shall be

7    permitted to schedule a hearing with respect to a request for Court approval to complete a

8    foreclosure sale upon at least seven (7) days notice to the Law Offices of Alan R. Smith.

9    IT IS FURTHER ORDERED that the Court shall deem and treat the Motion as an

10    adversary proceeding to permit the parties to commence discovery on the issues raised in the

11    Motion in compliance with a discovery plan approved by this Court, and that the rules set forth

12    in Rule 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

13    including all provisions of Bankruptcy Rule 7026, are applicable to the matters raised by the

14    Motion; provided that, notwithstanding Rule 7026 of the Local Rules of Bankruptcy Procedure,

15    the parties shall meet and confer within five (5) days and shall submit a discovery plan within

16    seven (7) days of the date this Order is entered.

17

| 18 | Submitted by: | Approved/Disapproved by: |
|---|---|---|
| 19 | MILBANK, TWEED, HADLEY & McCLOY, LLP | LAW OFFICES OF ALAN R. SMITH |
| 20 | -and-<br>BULLIVANT HOUSER BAILEY PC | |
| 21 | | By: _____<br>    Alan R. Smith, Esq. |
| 22 | By: _____<br>    Georganne W. Bradley, Esq. | *Attorneys for Lenders Protection Group* |
| 23 | | |
| 24 | *Attorneys for Compass Financial Partners* | |
| 25 | | Approved/Disapproved by: |
| 26 | | OFFICE OF THE U.S. TRUSTEE |
| 27 | | By: _____ |
| 28 | |     August B. Landis, Esq. |

– 5 –

Exhibit C Page 7 of 8

In accordance with Local Rule 9021, the undersigned certifies:

_____ The court waived the requirements of LR 9021.

_____ No parties appeared or filed written objections, and there is no trustee appointed in the case.

___✓___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below:

Alan R. Smith, Esq. :    *Approved 7/31/07*

Office of U.S. Trustee:    *Approved 8/1/07*

BULLIVANT HOUSER BAILEY P.C.

By: *Georganne W. Bradley*
Georganne W. Bradley, Esq.

Bullivant|Houser|Bailey PC

3980 Howard Hughes Pkwy., Suite 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

– 6 –

**Exhibit C Page 8 of 8**